**UNITED STATES of America**

v.

**Steven K. BROWN, Defendant**

**No. CRIM. 99–34–P–C.**

United States District Court,
D. Maine.

Nov. 2, 1999.

Margaret Groban, Asst. U.S. Atty., Office of the U.S. Attorney, Portland, ME, for U.S.

Joel Vincent, Altshuler, Vincent & Kantz, Portland, ME, for Defendant.

## MEMORANDUM OF DECISION AND ORDER

GENE CARTER, District Judge.

The Government has charged Defendant Steven K. Brown, by way of a ten-count Indictment, with various offenses for his role in the alleged kidnapping of his wife in late March of 1999. On August 11, 1999, Defendant came before this Court and indicated his intent to change his plea to guilty on all ten counts of the Indictment. At a prehearing conference, the Court inquired of defense counsel and the Government as to the potential sentencing range that could be imposed on the following counts of the Indictment: Count II, 18 U.S.C. § 1201 ("§ 1201") (kidnapping); Count VII, 18 U.S.C. § 2261A ("§ 2261A") (interstate stalking); Count VIII, § 2261A (interstate stalking); and Count IX, 18 U.S.C. § 2262 ("§ 2262") (interstate violation of a protection order). The Court raised this issue because there are other facts relevant to this action, which are known to the Court but not alleged in the applicable counts of the Indictment, that potentially affect the sentencing ranges faced by Defendant depending upon whether these other facts are treated as sentencing factors or as additional substantive elements of the offenses charged. Resolution of this issue, therefore, is required before Defendant can be advised properly of his maximum sentence exposure if he decides to change his plea to guilty.

### DISCUSSION

### I. Count II of the Indictment, Kidnapping, in Violation of 18 U.S.C. § 1201(a)(1)

Defendant has been charged in Count II of the Indictment with kidnapping in violation of 18 U.S.C. § 1201(a)(1). Count II, however, does not allege that "the death of any person" resulted from Brown's kidnapping of his wife. Indictment (Docket No. 12). By contrast, Count I of the Indictment does allege that two individuals were killed during the time frame in which the kidnapping alleged in Count II took place. *Id.* Thus, the issue before the Court with respect to Count II is whether the fact that two deaths resulted from the commission of the kidnapping exposes Defendant to a mandatory life sentence (in which case the Court will consider the deaths of the two individuals as a sentencing factor) or whether the failure of the Government to plead in Count II that any deaths resulted from the kidnapping exposes Defendant to a permissive maximum sentence of life imprisonment (in which case the Court will consider "the death of any person" provision as a not-proven element of the kidnapping offense). For the following reasons, the Court finds that it must treat the fact that two deaths occurred during the

commission of the kidnapping as a sentencing factor only and, therefore, if Defendant pleads guilty to the kidnapping charge in Count II, he faces a mandatory sentence of life imprisonment.

 It is well-established that for an accused to be found guilty of a crime, the elements of the offense must be charged in the indictment, submitted to a jury, and proven by the government beyond a reasonable doubt. *Jones v. United States,* 526 U.S. 227, 119 S.Ct. 1215, 1219, 143 L.Ed.2d 311 (1999); *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 1222, 140 L.Ed.2d 350 (1998). However, an indictment need not set forth factors which are relevant only to the sentencing of an offender found guilty of the crime charged. *Almendarez–Torres,* 118 S.Ct. at 1222. Therefore,

> [i]f a fact is an offense element, it must be charged in the indictment and, if the defendant chooses to proceed to trial, it must be proven beyond a reasonable doubt. If, on the other hand, a fact is a mere sentencing consideration, it need not be raised until sentencing and need be proven only by a preponderance of the evidence.

*United States v. Davis,* 184 F.3d 366, 368 (4th Cir.1999).

 Whether a fact is an offense element or a sentencing consideration is a matter of statutory interpretation. *Almendarez–Torres,* 118 S.Ct. at 1223. In determining whether Congress intended for a statute to define separate offenses, or merely to set forth separate sentencing factors, a court should look to the statute's "language, structure, subject matter, context, and history . . . ." *Id.*

### A. Statutory Language and Structure

Count II of the indictment charges that Defendant violated 18 U.S.C. § 1201(a)(1). Section 1201 provides in relevant part:

> (a) Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, when-
>
> (1) the person is willfully transported in interstate or foreign commerce, regardless of whether the person was alive when transported across a State boundary if the person was alive when the transportation began; . . .
>
> shall be punished by imprisonment for any term of years or for life and, if the death of any person results, shall be punished by death or life imprisonment.

Defendant argues that § 1201(a)(1) contains an alternative element of the offense ("the death of any person"), which must be pled in the indictment, and proven at trial before a mandatory life sentence may be imposed. Defendant relies on the Supreme Court's recent decision in *Jones* as authority for his position. In *Jones,* the Supreme Court, in a 5–4 decision, held that the federal carjacking statute, 18 U.S.C. § 2119, set forth three separate offenses, not merely one offense with various sentencing considerations. *Jones,* 119 S.Ct. at 1228. As will be discussed below, however, Defendant's reliance on *Jones* is misplaced.

Conversely, the Government argues that the availability of the permissive life sentence under § 1201(a)(1) renders it unnecessary for this Court to decide whether Defendant faces a mandatory or permissive life sentence. Specifically, the Government contends that under § 1201(a)(1), Defendant faces a permissive life sentence even without the enhanced penalty provision and that there is no practical difference between a life sentence and a mandatory life sentence. "The Court, therefore, can impose a life sentence without resolving [this] thorny issue." Government Memorandum on Sentencing Issues p. 6–7 (Docket No. 32).

The Government's argument, however, misses the present point. It is necessary for this Court to resolve the sentencing issue before Defendant can be advised

properly as to the maximum sentence he faces if he pleads guilty to Count II; clearly, the Court cannot simply evade the issue.

As stated above, Defendant argues that the *Jones* decision controls this action. But, as will become apparent, the textual differences between the federal carjacking statute at issue in *Jones* and the kidnapping statute at issue here dictates otherwise because although the *Jones* decision is applicable here insofar as it sets forth the proper criteria by which this Court must analyze the issues raised in this case, the actual holding of *Jones* extends only to the federal carjacking statute.

Defendant first argues that in *Jones*, the Supreme Court found that only when the numbered subdivisions of the carjacking statute were read together with the first paragraph did an offense with one "complete ... thought" exist. *Jones*, 119 S.Ct. at 1219. Therefore, the Supreme Court reasoned, because the offense of carjacking as provided for in § 2119 could not stand alone as a unitary offense without reference to the individual subsections, Congress must have intended to create separate offenses within § 2119, not to establish separate sentencing factors. *Id.* "[The carjacking statute] is thus unlike most offense defining provisions in the federal criminal code, which genuinely stand on their own grammatical feet thanks to phrases such as ... '*shall be punished by*' ... which draw a provision to its close." *Id.* (emphasis added.)

■ Here, however, the kidnapping statute, unlike the federal carjacking statute, forms one complete thought; therefore, by the Supreme Court's reasoning in *Jones*, § 1201(a)(1) forms one complete offense. A comparison of the two the statutes is instructive on this issue.

The kidnapping statute at issue here provides in relevant part:

(a) Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, when-

(1) the person is willfully transported in interstate or foreign commerce, regardless of whether the person was alive when transported across a State boundary if the person was alive when the transportation began; ...

shall be punished by imprisonment for any term of years or for life and, if the death of any person results, shall be punished by death or life imprisonment.

18 U.S.C. § 1201(a)(1).

The federal carjacking statute, at issue in *Jones*, provided in relevant part:

(a) Whoever, possessing a firearm as defined in section 910 of this title, takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, ...shall-

(1) be fined under this title or imprisoned not more than 15 years, or both,

(2) if serious bodily injury ... results, be fined under this title or imprisoned not more than 25 years, or both, and

(3) if death results, be fined under this title or imprisoned for any number of years up to life, or both.

18 U.S.C. § 2119 (1988 ed., Supp. V).

Section 1201(a)(1) specifically provides that all offenders "shall be punished by" an appropriate sentence. By contrast, § 2119 contains no similar language. In fact, even Defendant concedes that § 1201(a)(1) constitutes one complete, unitary offense. Defendant's Memorandum Addressing Statutory Construction Issues p. 4 (Docket No. 31). Consequently, the kidnapping statute is textually distinguishable from the carjacking statute on this critical point. Indeed, applying the Supreme Court's analysis in *Jones* to the facts here, textual support is given to the construction of § 1201(a)(1), as a unitary offense with the "death of any person"

provision as a sentencing factor only, not as an element of the substantive offense.

■ Next, Defendant points to the Supreme Court's focus on the drastic increase in penalties provided for in the carjacking statute as a basis for his contention that "the death of any person" provision contained within § 1201(a)(1) is an element of the kidnapping offense. It is commonly understood that Congressional intent to create new offenses may be established from the magnitude of the increase in the maximum authorized sentence. *Almendarez–Torres*, 118 S.Ct. at 1226. In other words, if Congress enacts a statute that ostensibly sets out the elements for a single offense, but then, in a subsection of that statute, Congress sets the range of penalties for violation of the offense from a fine all the way up to life imprisonment, then courts should construe the statute as establishing more than one offense with each offense consisting of different elements. Alternatively, if the range of available sentences is narrow (for example, 15 years or 20 years depending on whether the defendant used a weapon) then courts should construe the statute as setting forth one offense with applicable sentencing considerations.

The reasoning underlying this rule is explained in *Jones*.

If a potential penalty might rise from 15 years to life on a nonjury determination, the jury's role would correspondingly shrink from the significance usually carried by determinations of guilt to the relative importance of low level gate keeping; in some cases, a jury finding of fact necessary for a maximum 15–year sentence would merely open the door to a judicial finding sufficient for life imprisonment. It is therefore no trivial question to ask whether recognizing an unlimited legislative power to authorize determinations setting ultimate sentencing limits without a jury would invite erosion of the jury's function to a point

against which a line must necessarily be drawn.

*Jones*, 119 S.Ct. at 1224.

In *Jones*, the Supreme Court concluded that the federal carjacking statute did set forth such a wide disparity in sentencing that Sixth Amendment and Due Process concerns were raised (§ 2119 provides for a sentence of not more than 15 years all the way to life imprisonment). *Jones*, 119 S.Ct. at 1226. Thus, to avoid those potential problems, the Supreme Court interpreted the carjacking statute to set forth separate offenses. *Id.* In the present action, however, the kidnapping statute presents no such constitutional concerns.

■ The kidnapping statute does not provide for such a dramatic leap in the sentencing range. Here, the Government has not sought the death penalty and, therefore, it is not an option for sentencing purposes. *See United States v. Rodriguez*, 162 F.3d 135, 151 (1st Cir.1998), *cert. denied*, — U.S. ——, 119 S.Ct. 2034, 143 L.Ed.2d 1044 (1999). Thus, the maximum penalty Defendant faces if he pleads guilty to the kidnapping offense is life imprisonment, regardless of whether the "death of any person" occurred or not; it is only the issue of whether the sentence of life imprisonment is discretionary or mandatory that is presently before the Court. With regard to the Court's discretion, however, the Supreme Court stated in *McMillan v. Pennsylvania*, 477 U.S. 79, 84, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), that when a statute does not alter "the maximum penalty for the crime committed," but rather operates "solely to limit the sentencing court's discretion in selecting a penalty," the statute sets forth a sentencing consideration only, not an additional element of the offense. *McMillan*, 477 U.S. at 88–89, 106 S.Ct. at 2417–18. This is precisely the situation here. As a result, the plain text of the kidnapping statute supports the conclusion that "the death of any person" provision is a sentencing factor, not an additional substantive element of the offense.

Accordingly, the kidnapping statute is distinguishable from the federal carjacking statute at issue in *Jones*. Nevertheless, the Supreme Court's analysis in *Jones* supports the conclusion here that, based upon the plain text of § 1201(a)(1), the "death of any person" provision within the kidnapping statute is a sentencing factor, not an element of the offense.

B. Extrinsic Evidence; Other Statutes

■ In addition to the foregoing, in *Jones*, the Supreme Court stated that it was appropriate for courts to look to other extrinsic sources, aside from the actual text of a given statute, to determine Congress's intent with regard to legislation. *Jones*, 119 S.Ct. at 1220–22. Examination of other statutes, as an extrinsic source, was particularly appropriate. *Id.*

In *U.S. v. McVeigh*, the Court of Appeals for the Tenth Circuit was faced with an issue, and statute, similar to the one presented here. *See U.S. v. McVeigh*, 153 F.3d 1166 (10th Cir.1998), *cert. denied*, —— U.S. ——, 119 S.Ct. 1148, 143 L.Ed.2d 215 (1999). There, the defendant was charged with, *inter alia*, violation of 18 U.S.C. § 2332a (use of a weapon of mass destruction). Section 2332a provides in pertinent part:

A person who uses, or attempts or conspires to use, a weapon of mass destruction... (2) against any person within the United States; ... shall be imprisoned for any term of years or for life, and if death results, shall be punished by death or imprisoned for any term of years or for life.

After careful review of the applicable law, the circuit court concluded that the phrase "if death results," as drafted in § 2332a, was a sentencing factor, not an element of the weapon offense. *McVeigh*, 153 F.3d at 1194.

The fact that the statute authorizes the death penalty "if death results" from the use of the weapon of mass destruction does not persuade us that the statutes incorporates "intent to kill" as an element. Looking at the plain language and structure of the statute, we conclude that the phrase "if death results" is a sentencing factor rather than an element of the offense.

*Id.*

The circuit court stated further:

The natural reading of the text of § 2332a(a) is that subsections (a)(1), (a)(2), and (a)(3) define the elements of the crime; i.e., the use of a weapon of mass destruction against specified targets. The penalties follow separately- any term of years, life imprisonment, and in some cases, the death penalty. *The proof needed to trigger the death penalty, however, is not necessary to prove a violation of the statute.*

*Id.* at 1194–95 (emphasis added).

The *McVeigh* court also found the foregoing interpretation of § 2332a to be consistent with, not contrary to, the holding in *Almendarez–Torres*. *See United States v. Nichols*, 169 F.3d 1255, 1261 (10th Cir. 1999) (circuit court expressly considered *Almendarez–Torres* in concluding that "if death results" is a sentencing factor), *cert. denied*, —— U.S. ——, 120 S.Ct. 336, 145 L.Ed.2d 262 (1999); *McVeigh*, 153 F.3d at 1195.

Here, the language, structure, and context of the kidnapping statute is remarkably similar to that of the weapon of mass destruction statute reviewed by the court in *McVeigh*. Compare below:

Section 1201 provides in relevant part:

(a) Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, when-

(1) the person is willfully transported in interstate or foreign commerce, regardless of whether the person was alive when transported across a State boundary if the person was alive when the transportation began; ...

shall be punished by imprisonment for any term of years or for life *and, if the death of any person results, shall be punished by death or life imprisonment.* 18 U.S.C. § 1201(a)(1) (emphasis added).

Section 2332a provides in pertinent part:

A person who uses, or attempts or conspires to use, a weapon of mass destruction...

(2) against any person within the United States; ...

shall be imprisoned for any term of years or for life, *and if death results, shall be punished by death or imprisoned for any term of years or for life.* 18 U.S.C. § 2332a (emphasis added).

In light of Supreme Court's instruction that lower courts should look to other statutes as guidance in their analysis of this sentencing issue, the *McVeigh* court's interpretation of § 2332a is strong evidence that the "death of any person" provision within the kidnapping statute, like the weapon offense statute, is a sentencing factor, not a substantive element of the offense.

### C. Constitutional Avoidance

 Finally, when the issue of whether a fact is an element of an offense or a sentencing consideration arises, the doctrines of constitutional doubt and lenity may be implicated. *Jones,* 119 S.Ct. at 1222–23. "The doctrine of constitutional doubt provides that where an otherwise acceptable construction of a statute would raise serious constitutional problems, the court will construe the statute to avoid such problems unless such construction is plainly contrary to the intent of Congress." *New York v. United States,* 505 U.S. 144, 170, 112 S.Ct. 2408, 2425, 120 L.Ed.2d 120 (1992). This canon is followed out of respect for Congress, which courts assume legislates in light of constitutional limitations. *Almendarez–Torres,* 118 S.Ct. at 1228. The constitutional doubt doctrine, however, does not apply mechanically whenever there arises a significant constitutional question to which an answer is not obvious, because where the statute does not raise "serious" constitutional questions, application of the doctrine is unnecessary. *Id.*

 Alternatively, "[t]he rule of lenity provides that ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity." *United States v. Bass,* 404 U.S. 336, 347, 92 S.Ct. 515, 522, 30 L.Ed.2d 488 (1971). "[W]here a statute is susceptible of two constructions, by one of which grave and doubtful constitutional questions arise and by the other of which such questions are avoided, our duty is to adopt the latter." *Jones,* 119 S.Ct. at 1222. Yet, as with the constitutional doubt doctrine, if the court harbors no "grave and doubtful" concerns with regard to the constitutional construction of a criminal statute, then the lenity doctrine is equally inapplicable. *Almendarez–Torres,* 118 S.Ct. at 1228.

Here, the constitutionality of the kidnapping statute is not in doubt. For the reasons stated above, although Due Process and Sixth Amendment concerns are always present when a court addresses the sentencing factor/offense element dilemma, those concerns have been dispelled here. Based upon the language, structure, and text of § 1201(a)(1), and combined with the applicable extrinsic evidence provided for in the *McVeigh* decision, there is little doubt that Congress intended "the death of any person" provision within the kidnapping statute to be a sentencing factor, not an element of the kidnapping offense.

Accordingly, applying the analysis of the *Jones* decision to this case, the Court concludes that it should construe "the death of any person" provision within 18 U.S.C. § 1201(a)(1) as a sentencing factor, not as a substantive element of the offense. Therefore, the Court must advise Defendant that if he pleads guilty to Count II of the Indictment, he faces a mandatory sentence of life imprisonment if the Government proves by a preponderance of the

evidence at sentencing that a death resulted from the offending conduct.

## II. Count VII, 18 U.S.C. § 2261A, Interstate Stalking

Turning now to Count VII of the Indictment, the Government alleges that Defendant violated 18 U.S.C. § 2261A, and penalty subsections (b)(1), (b)(3) and (b)(4) of 18 U.S.C. § 2261, by traveling across a state line with the intent to injure his wife and, in the course of such travel, did in fact place his wife in reasonable fear of death and serious bodily injury. Indictment p. 8 (Docket No. 12). The Government, however, has not alleged in Count VII any facts relevant to the aggravating factors listed in the penalty subsection of § 2261. Consequently, the Court faces the question as to whether the factors listed in the penalty subsection of § 2261 are elements of the interstate stalking offense or, rather, sentencing considerations only. For the following reasons, there is no doubt that the factors listed in § 2261(b) are sentencing considerations only and, as such, the Government's failure to allege the existence of any of these facts in Count VII is irrelevant to a finding of Defendant's guilt of interstate stalking.

 18 U.S.C. § 2261A, the interstate stalking statute provides:

Whoever travels across a state line ... with the intent to injure or harass another person, and in the course of, or as a result of, such travel places that person in reasonable fear of the death of, or the serious bodily injury [to] ..., that person or a member of that person's immediate family ... shall be punished as provided in section 2261 of this title.

It is apparent from the plain text of the interstate stalking statute that it is a unitary offense, and that it may be committed without any injury befalling the victim or the victim's family whatsoever. Thus, the interstate stalking statute, like the kidnapping statute, stands on its own "grammatical feet." *See Jones,* 119 S.Ct. at 1219.

As indicated above, if an offense stands on its own, it is evidence that Congress intended other provisions which relate to the unitary substantive offense to be sentencing considerations only, not additional offense elements. *Id.*

Additionally, the title of a statute and the heading of a section are "tools available for the resolution of a doubt about the meaning of a statute." *Almendarez-Torres,* 118 S.Ct. at 1226. A title that contains the word "penalties" more often than not signals that a provision deals with penalties for a substantive offense. *Id.* Here, § 2261A specifically directs the reader to subsection (b) of § 2261, which is entitled "penalties," in order to determine the appropriate punishment for individuals convicted of interstate stalking.

18 U.S.C. § 2261 provides in relevant part:

(b) Penalties.A person who violates this section or section 2261A shall be fined under this title, imprisoned-

(1) for life or any term of years, if death of the victim results;

(2) for not more than 20 years if permanent disfigurement or life threatening bodily injury to the victim results;

(3) for not more than 10 years, if serious bodily injury to the victim results or if the offender uses a dangerous weapon during the offense;

(4) as provided for the applicable conduct under chapter 109A if the offense would constitute an offense under chapter 109A ...;

(5) for not more than 5 years, in any other case, or both fined and imprisoned.

Because the aforementioned subsection is entitled "penalties," it is strong evidence that the subsection deals with penalties, not with elements of the underlying substantive offense. Therefore, as with the kidnapping statute, the plain language of § 2261A supports the conclusion that the factors listed in § 2261(b)(i) through (5) are sentencing considerations, not addi-

**52**

tional elements of the interstate stalking offense.

In addition, the Supreme Court in *Jones* specifically recognized that in certain circumstances, it is uncontroverted that Congress intended to treat the seriousness of a victim's injury as a sentencing consideration, not as an element of the underlying substantive offense. *Jones*, 119 S.Ct. at 1220. Specifically, the Supreme Court stated in *Jones* that in certain instances "Congress has explicitly treated serious bodily injury as a sentencing factor, *see e.g., 18 U.S.C. § 2262(b)(2) (interstate violation of protection order) ....*" *Id.* at 1219 (emphasis added). Thus, the Supreme Court itself has explicitly recognized, albeit in dicta, that the penalty subsection of § 2262 sets forth sentencing considerations only, not separate offenses. *Id.*

Yet, of particular significance here, subsection (b) of § 2261 is identical to subsection (b) of § 2262 in every respect except that § 2261 also applies to § 2261A, but § 2262 does not (which is perfectly appropriate, for it would be redundant for both §§ 2261 and 2262 to apply to 2261A).[1] In light of this, therefore, it would run contrary to common sense and consistency in statutory construction to interpret the penalty subsection of § 2261 as setting forth additional elements of the interstate stalking offense, while adhering to the clear Congressional intent to consider the factors set forth in subsection (b) of § 2262 as sentencing considerations.[2]

Accordingly, based upon the plain text of §§ 2261A and 2261, together with clear Congressional intent and other extrinsic evidence, 18 U.S.C. § 2261(b) provides only sentencing considerations for violations of the interstate stalking statute, 18 U.S.C. § 2261A.[3]

### III. Conclusion

In conclusion, with respect to Count II, the Court interprets "the death of any person" provision within 18 U.S.C. § 1201(a)(1) as a sentencing factor, not as a substantive element of the kidnapping offense. Therefore, the Court will advise Defendant in any Rule 11 inquiry that if he pleads guilty to Count II of the Indictment, he faces a mandatory sentence of life imprisonment if the Government carries its burden on proof as to the resulting deaths.

Additionally, the Court interprets the provisions contained within both 18 U.S.C. § 2261(b) and 18 U.S.C. § 2262(b) as de-

---

1. Section 2262 provides in pertinent part:

(b) Penalties.A person who violates this section shall be fined under this title, imprisoned-

(1) for life or any term of years, if death of the victim results;

(2) for not more than 20 years if permanent disfigurement of life threatening bodily injury to the victim results;

(3) for not more than 10 years, if serious bodily injury to the victim results or if the offender uses a dangerous weapon during the offense;

(4) as provided for the applicable conduct under chapter 109A if the offense would constitute an offense under chapter 109A ...;

(5) for not more than 5 years, in any other case, or both fined and imprisoned.

2. It should be noted that although the Indictment does not allege that Defendant violated § 2262(b)(2) specifically (*see Jones*, 119 S.Ct. at 1220), it would be illogical for this court to

construe subsections (b)(1) and (b)(5) of § 2262 as additional elements of an offense, while treating subsection (b)(2) of § 2262 as a sentencing factor.

3. The same analysis as to Count VII also applies to Counts VIII and IX of the Indictment. Count VIII, as with Count VII, alleges a violation of interstate stalking, but Count VIII differs from Count VII only in that it alleges that Defendant violated penalty subsections (b)(1) and (b)(3) of § 2261, while Count VII alleges that Defendant violated subsections (b)(1), (b)(3), and (b)(4).

Alternatively, Count IX (interstate violation of protection order) specifically alleges that Defendant violated sections 2262(a)(1), (b)(1), (b)(3), and (b)(4). But as discussed previously, with regard to § 2262, Congress has explicitly treated the provisions in subsection (b) of § 2262 as sentencing factors. *See Jones*, 119 S.Ct. at 1219. Therefore, here, it is unnecessary to examine these issues any further.

nominating sentencing considerations, not as substantive elements of the underlying offenses alleged in Counts VII, VIII, and IX of the Indictment. Therefore, the Court will advise Defendant in any Rule 11 inquiry that: (1) if he pleads guilty to Count VII, he faces a maximum penalty of life imprisonment; (2) if he pleads guilty to Count VIII, he faces a maximum penalty of imprisonment of not more than 10 years; and (3) if he pleads guilty to Count IX, he faces a maximum sentence of life imprisonment.

**SO ORDERED.**